Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: michael@machatlaw.com

Attorneys for Plaintiff
TI Beverage Group, Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TI BEVERAGE GROUP, LTD, and MICHAEL MACHAT, <br><br> Plaintiffs, <br><br> vs. <br><br> ALIBABA GROUP HOLDING LTD and EBAY INC, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

For their Complaint, Plaintiff TI BEVERAGE GROUP, LTD and MICHAEL MACHAT hereby allege and asserts as follows:

## I. JURISDICTION AND VENUE

1. Plaintiffs bring this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks

1  in violation of the Lanham Act.

2      2.      This action arises under the Trademark Laws of the United States,

3  including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114

4  and 1125.  Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by

5  28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the

6  United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent

7  jurisdiction.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and

8  (d) as Defendants transact business in Los Angeles County, California, a substantial

9  part of the events or omissions giving rise to the claim occurred within this District,

10  and one of the defendants appears to be an alien.

11

12          **II.     THE PARTIES**

13

14      3.      Plaintiff TI Beverage Group, Ltd ("TI BEVERAGE GROUP") is a

15  Delaware Corporation with its main business office located within Los Angeles

16  County, California.  Plaintiff TI BEVERAGE GROUP does business as Vampire

17  Vineyards and markets its Vampire branded wine across the United States via a

18  network of wholesalers and retailers, and via the website vampire.com.   In addition

19  to selling Vampire Wine (amongst other wines) Plaintiff also sells Vampire

20  branded wine glasses.

21      4.      Plaintiff Michael Machat is a US Citizen residing in Los Angeles

22  County, California.

23      5.      Defendant Alibaba Group Holding Ltd is, upon information and belief,

24  a Cayman Islands Corporation, with offices around the world (including  China,

25  India, the United Kingdom, and San Mateo, California),  doing business as Alibaba

26  (hereinafter referred to by its dba "Alibaba") from its website Alibaba.com. Upon

27  information and belief, Defendant Alibaba markets and distributes wine glasses and

28  various other products throughout the United States (including California).  Upon

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

2

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  information and belief, Defendant Alibaba sells wine glasses and other glassware
2  products into California through its wholly owned subsidiary AliExpress.com and
3  through various smaller companies and individuals with whom they share the gross
4  revenues.

5       6.    In fact as of May 3, 2015, a search of the term 'VAMPIRE WINE
6  GLASS' on the alibaba.com website reveals 106 results, revealing perhaps as many
7  partners in which defendant Alibaba conspires with to infringe upon Plaintiffs'
8  Vampire trademarks.

9       7.    Defendant EBAY INC is, upon information and belief, a Delaware
10  Corporation, headquartered in San Jose, California, doing business as eBay
11  (hereinafter referred to by its dba "eBay") from its website ebay.com. Upon
12  information and belief, Defendant eBay markets and distributes wine glasses and
13  various other products throughout the United States (including California).  Upon
14  information and belief, Defendant eBay sells wine glasses and other glassware
15  products into California through various smaller companies and individuals with
16  whom they share the gross revenues.

17       8.    In fact as of May 3, 2015, a search of the term 'VAMPIRE WINE
18  GLASS' on the ebay.com website reveals 111 results, revealing perhaps as many
19  partners in which defendant eBay conspires with to infringe upon Plaintiffs'
20  Vampire trademarks.

21

22          **III.   FACTS GIVING RISE TO THIS ACTION**

23

24       9.    Plaintiff TI BEVERAGE GROUP has been marketing beverages under
25  the following brand names for many years, including: VAMPIRE (for wines – US
26  Trademark Registration No. 2263907); DRACULA (for wine – US Trademark
27  Registration No. 3319536); VAMPYRE (for Spirits – US Trademark Registration
28  No. 3082097); VAMPIRE (for Beers – US Trademark Registration No. 4242359);

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  VAMP H20 (for Water – US Trademark Registration No. 3895288); VAMPIRE

2  LOUNGE & TASTING ROOM (for Bar and Wine Bar Services – US Registration

3  No. 4079879); VAMPIRE (for Restaurant and Bar Services – US Registration No.

4  3978444).   Plaintiff TI Beverage Group also markets glassware under the same

5  VAMPIRE brand name.   (US Trademark Registration No. 3290011 for Glass

6  beverage-ware).   All of the marks mentioned in this paragraph 9 are sometimes

7  referred to herein as "Plaintiff's Family of Vampire Brands."

8          10.    TI BEVERAGE GROUP is the exclusive licensee of Michael

9  Machat, who, along with his law firm, Machat & Associates, PC, is the Registrant

10  for all of these aforementioned brands.   By virtue of its extended use in commerce,

11  several of the aforementioned VAMPIRE registrations have become incontestable,

12  including its registration numbers 2263907, 3290011, 3082097 for wines, glassware

13  and spirits, respectively.

14          11.    Plaintiffs and its associates and employees have worked hard to insure

15  that they put the best wine in the bottle as possible.   Over the last few years,

16  Plaintiffs Vampire family of wines have received some great reviews and have won

17  Gold Medals, including a Gold Medal and 92 Rating from the Los Angeles

18  International Wine & Spirits Competition awarded to Vampire Cabernet

19  Sauvignon.

20          12.    To highlight just how good Plaintiffs' range of Vampire brand wines

21  actually are, Plaintiffs have spent a vast sum of money opening up a five star

22  looking Tasting Room and Wine Bar opposite the Five Star Peninsula Hotel in

23  Beverly Hills where Plaintiffs showcases their wines.

24          13.    In addition to selling wine, Plaintiff TI BEVERAGE GROUP

25  (including it's predecessors in interest) has been selling wine glasses branded as

26  VAMPIRE since at least 1997.

27          14.    Recently it has come to Plaintiffs attention that Defendants have been

28  selling glassware and branding it with Plaintiffs' Vampire mark in order to enhance

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  the market value of their glassware.  Whereas Plaintiffs' Vampire Wine glasses

2  hold at least 11 ounces of wine and are suitable for consuming fine red wine, most

3  of defendants' glassware sold under the Vampire name appear to be glasses

4  unsuitable for drinking fine red wine, and actually are harmful to the reputation of

5  Plaintiff's fine brand of VAMPIRE wines.

6       15.    Plaintiffs have spent substantial amounts of time and money building

7  up, advertising, and promoting its brands.  By virtue of the popularity of its brands,

8  its advertising, promotion, and sales, plus the popularity of its websites, including

9  vampire.com, Plaintiffs have built up and own extremely valuable goodwill which

10 is symbolized by Plaintiffs' various marks.

11      16.  Defendants' marketing, sales and distribution of glassware bearing the

12 VAMPIRE brand name infringes upon Plaintiffs' Family of Vampire marks.

13      17.  If defendants are not stopped from marketing glassware under the name

14 VAMPIRE, it is likely that consumers will continue to become confused about the

15 quality of Plaintiffs' products, and mistakenly conclude that Plaintiffs' wine

16 products are not of as high quality as they actually are.

17      18. If defendants are not stopped from marketing a wine glass using the

18 VAMPIRE brand name, it is likely that consumers will become confused about the

19 source and origin of Plaintiffs' VAMPIRE WINE GLASS and mistakenly conclude

20 that Plaintiffs' VAMPIRE WINE GLASS is produced by Defendants or viceversa

21 that Defendants (or defendants' numerous associates) are somehow  connected with

22 the sourcing of Plaintiffs' brands.

23

24            COUNT I –VIOLATION OF LANHAM ACT 15 U.S.C. §1114

25                        (Against All Defendants)

26

27      19.    Plaintiffs re-allege the allegations in paragraphs 1 though 18.

28      20.    Defendants have engaged in, and continue to engage in, the wrongful

exploitation of the aforementioned registered trademarks.

21.   Not only is defendants' VAMPIRE WINE GLASS a knock-off of Plaintiffs' VAMPIRE brand and trademark, it is also a counterfeit of Plaintiffs' VAMPIRE WINE GLASS. The public will naturally assume it is a spin-off of Plaintiffs' family of Vampire Brands, and consumers will be confused as to the source of origin of defendants and Plaintiffs' products.

22.   Defendants' wine glass branding so closely resembles Plaintiffs' wine glass branding and other products that the public is likely to be confused and deceived, and to assume erroneously that defendants' wine glass is that of Plaintiffs, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs' detriment and irreparable damage.

23.   Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs, nor have Plaintiffs approved or authorized any of the goods or services offered or sold by defendants.

24.   Plaintiffs have no control over the nature and quality of the goods and services offered and sold by defendants or its licensees.  Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiffs as being the believed source of said failure, neglect, or default, thereby hampering Plaintiffs' efforts to continue to protect its outstanding reputation and preventing Plaintiffs from further building its reputation.  Said failure, neglect, or default will result in loss of sales by Plaintiffs, and loss of value of Plaintiffs' considerable expenditures to promote its goods and services under its Vampire family of brands, all to the irreparable harm of Plaintiffs.

25.   Defendants have committed trademark infringement of Plaintiffs' trademarks in their deceptive marketing of beverage glassware using the Vampire brand name.

26.   Defendants have induced and enabled others to infringe Plaintiffs' trademarks, and trade names.

6

27. Defendants have acted with bad intent and culpably in selecting, using, and approving of the use of Plaintiffs' trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and sale of their glassware.

28. Defendants have promoted, advertised, offered for sale, and/or sold, glassware products using the Vampire mark through persons not authorized, employed by, or associated in any way with Plaintiffs and have used the aforementioned trademarks as a false designation and a false representation for glassware products.

29. None of the Defendants activities alleged in this complaint have been authorized by Plaintiffs, and such unauthorized use by Defendants of Plaintiffs' trademarks in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiffs' trademarks, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

30. Upon information and belief, Defendants have acted with the unlawful purpose of:

   a. Improperly taking advantage of the valuable goodwill belonging to Plaintiffs;

   b. Soliciting Plaintiffs' customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, beverage products marketed under the Vampire brand name through persons not authorized by, employed by, or associated in any way with Plaintiffs;

   c. Inducing others to infringe Plaintiffs' trademarks; and

   d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiffs to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs and its licensed trademarks.

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1   31.    Defendants' conduct, as alleged in this complaint, constitutes a

2   violation of 15 U.S.C. § 1114.

3   32.    If Defendants are allowed to continue marketing and selling the

4   accused products, Plaintiffs will be damaged as alleged in this complaint, and the

5   Defendants will profit thereby.  Furthermore, unless the Court permanently enjoins

6   Defendants' conduct as alleged in this complaint, Plaintiffs business, goodwill, and

7   reputation will suffer irreparable injury of an insidious and continuing sort that

8   cannot be adequately calculated and compensated in monetary damages.

9   33.    Defendants' aforementioned acts and conduct are being done

10  willfully and with an intent to ride on, and/or step on and demolish, the goodwill

11  Plaintiffs have worked hard to develop.  Plaintiff is therefore entitled to treble

12  damages arising therefore, as well as reimbursement of Plaintiffs' attorneys' fees

13  and costs.

14  34.    The intentional nature of defendants' acts makes this an exceptional

15  case under 15 U.S.C. §1117(a).

16  35.    The intentional nature of defendants' acts and conduct makes this a

17  case suitable for an award of Three Times Defendants' profits.

## COUNT II

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125

### (Against All Defendants)

21  36.    Plaintiffs repeat each allegation contained in paragraphs 1 through 35

22  as though set forth herein at length.

23  37.    Defendants have engaged in, and continue to engage in, the wrongful

24  exploitation of  Plaintiffs' Vampire family of brands.

25  38.    Defendants' goods are so closely related to Plaintiffs' goods that the

26  public is likely to be confused, to be deceived, and to erroneously assume that

27  Defendants' marketing and sale of their Vampire marked glassware as packaged,

28  advertised and promoted, are those of Plaintiffs, or that Defendants are in some way

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs'

2  detriment and irreparable damage.

3      39.    Defendants are not affiliated with, connected with, endorsed by, or

4   sponsored by Plaintiffs.  Furthermore, Plaintiffs have not approved any of the

5  goods or services offered or sold by the Defendants.

6      40.    Defendants conduct as alleged herein is likely to cause confusion,

7  mistake and deceive the public as to the affiliation, connection, or association of

8  defendants (and/or defendants' co-conspirators) with Plaintiffs, and/or as to the

9  origin, sponsorship or approval of Defendants' Vampire wine glass.

10     41.    Defendants' aforesaid infringing conduct has been willful and

11 committed with an intent to ride on, and/or step on and demolish, the goodwill

12 Plaintiffs have worked hard to develop.  Defendants' aforesaid infringing conduct

13 has been willful and with knowledge that the sale, marketing, advertisement, and

14 promotion of their glassware will damage the goodwill of and hurt the prospects of

15 future commercial success of Plaintiffs' VAMPIRE family of brands.  Plaintiffs are

16 therefore entitled to treble damages arising therefrom, as well as reimbursement of

17 Plaintiffs' attorneys' fees and costs.

18

19                          **COUNT III**

20            **VIOLATION OF LANHAM ACT 15 U.S.C. §1125c**

21                     **(Against All Defendants)**

22     42.    Plaintiffs repeat each allegation contained in paragraphs 1through 41

23  as though set forth herein at length.

24     43.    Plaintiffs' Vampire family of brands have appeared on The View,

25 Anderson Cooper, CNN Headline News, Entertainment tonight, MTV's Viva La

26 Bam, The Food Channel, A & E, and have been written up in widely circulated

27 magazines such as Star Magazine, Shape, Maxim, InStyle, Elle, Spin, Rolling

28 Stone, Marie Claire,  Cosmo Girl, The Wine Enthusiast, and in regional newspapers

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  such as the LA Times, the NY Times, the Houston Chronicle, and others, and as

2  such have developed a fame all of their own catapulting the Vampire brand into the

3  category of a famous mark.

4       44.    Plaintiffs fear that because defendants' wine glass products that bear

5  Plaintiffs' Vampire mark are not proper wine glasses for drinking fine high quality

6  wine, defendants' distribution, marketing, promotion, advertising, offering for sale,

7  and sales of its accused products, is causing consumers to believe that Plaintiffs'

8  Vampire branded wines are not of as high quality as they actually are and will

9  tarnish, dilute and otherwise damage the reputation of Plaintiffs' fine wine

10  products. This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and

11  sales.

12       45.    Because defendants' wine glass products that bear Plaintiffs' Vampire

13  mark are not proper wine glasses for drinking fine high quality wine, defendants, if

14  allowed to continue to distribute, market, promote, advertise, offer for sale, and sell

15  its accused products, will continue to cause consumers to believe that Plaintiffs'

16  Vampire branded wine glasses are not of as high quality as they actually are and

17  will tarnish, dilute and otherwise damage the reputation of Plaintiffs' fine wine

18  glasses. This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and

19  sales.

20       46.    Defendants beverage glassware products and its advertising,

21  promotion and marketing of those products that bear Plaintiffs' Vampire mark will

22  otherwise dilute and tarnish Plaintiffs' Vampire family of marks.

23

24

25  **COUNT IV**

26  **UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA**

27  **BUSINESS & PROFESSIONS CODE §§ 17200 et seq.**

28

10

47.     Plaintiffs repeat each allegation contained in paragraphs 1 through 46 as though set forth herein at length.

48.     Defendants have engaged in unfair competition perpetrated against Plaintiffs by reason of the conduct alleged herein.

49.     The unlawful and unfair conduct is injuring the goodwill of Plaintiffs.

50.     Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

51.     By this conduct, Plaintiffs have directly suffered injuries and each Defendant has been unjustly enriched.

52.     Plaintiffs are entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

53.     As a consequence of the unfair competition by Defendants, Plaintiffs are suffering irreparable injury, by reason of which such conduct should be enjoined.

54.     Plaintiffs are entitled to reasonable attorneys' fees.

55.     Plaintiffs are informed and believe, and on that basis allege, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiffs are therefore entitled to punitive damages.

## COUNT V

## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

56.     Plaintiffs repeat each allegation contained in paragraphs 1 through 55 as though set forth herein at length.

57.     Defendants' use of the word Vampire in association with glassware, misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue,

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1   and misleading advertising and therefore constitutes a violation of, inter alia,

2   California Business and Professions Code §§17500 et seq. and California common

3   law.

4       58.    Defendants' uses are likely to deceive and will continue to deceive the

5   consuming public. Defendants knew, recklessly disregarded, or reasonably should

6   have known that such packaging, advertising, marketing, and promotion was untrue

7   and/or misleading.

8       59.    As a result of the conduct described above, Defendants have been

9   and/or will be unjustly enriched at the expense of Plaintiffs and the general public.

10  The interests of the general public and Plaintiffs are, therefore, closely related.

11      57.    If not enjoined, Defendants will be unjustly enriched, among other

12  things, by the receipt of sales revenues from consumers who mistakenly think that

13  they are purchasing one of Plaintiffs' VAMPIRE Wine glasses, both in California

14  and throughout the world, but instead would be purchasing Defendants' goods

15  which are promoted and sold through advertisements that affirmatively

16  misrepresent, either directly or by implication, the nature, characteristics, identity,

17  and source or sponsorship of the goods.

18      58.    Pursuant to Business and Professions Code §§ 17203 and 17535,

19  Plaintiffs, on behalf of themselves and the general public, which is unable

20  effectively to assert its interests, seeks an order of this Court ordering Defendants

21  immediately to cease such support for acts of unfair competition and false

22  advertising, and enjoining Defendants from continuing to import or export,

23  distribute, market, promote, advertise, offer for sale, and sell, Defendants'

24  glassware branded with or promoted with the word Vampire, which falsely

25  advertise or conduct business via the unlawful, deceptive, unfair or fraudulent

26  business acts and practices, and the untrue and misleading advertising complained

27  of herein.  Plaintiffs additionally requests an order disgorging Defendants' ill-

28  gotten gains and restitution of all monies wrongfully acquired by Defendants by

1    means of their support of such acts of unfair competition and false advertising,

2    damages, interest and attorneys' fees.

3

4           WHEREFORE, Plaintiffs pray for judgment as follows:

5

6           1.      That the Court adjudge and decree that Defendants have falsely

7    designated the origin of certain beverage glassware products as those of Plaintiffs,

8    have made and used false representations in connection with the sale, offering for

9    sale, promotion and advertising of such products, and have unfairly competed with

10   Plaintiffs at common law.

11          2.      That the Court adjudge and decree that Defendants have infringed

12   Plaintiffs' registered VAMPIRE trademarks for wines and wine glasses.

13          3.      That the Court permanently enjoin Defendants, its agents, servants,

14   employees, attorneys, and all persons acting in concert or participation with them,

15   or with any of them from:

16                  a.  Using VAMPIRE, or any other word or words which are similar to,

17                      or a colorable imitation of, Plaintiffs' trade names and marks, either

18                      alone, as part of, or together with, any other word or words,

19                      trademark, service mark, trade name, or other business or

20                      commercial designation in connection with the sale, offering for

21                      sale, advertising, and/or promotion of beverage products and

22                      beverage accessories such as wine glasses;

23                  b.  Selling, offering to sell, marketing, distributing, advertising and/or

24                      promoting any GLASS or Beverage or Beverage Accessory product

25                      with the word VAMPIRE displayed on the product, its packaging,

26                      advertising or promotional materials or on any website;

27                  c.  Representing directly or indirectly by words or conduct that any

28                      beverage product or beverage accessory offered for sale, sold,

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

1      promoted, or advertised by Defendants, is authorized, sponsored

2      by, endorsed by, or otherwise connected with Plaintiffs;

3      d. Aiding or abetting in unfair competition against Plaintiffs;

4      e. Aiding or abetting in false advertising; and

5      f. Inducing others to engage in any of these aforementioned acts.

6      4.    That the Court award an amount to be determined at trial but at least

7 an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiffs'

8 lost profits, whichever is greater.

9      5.    That the Court award an amount to be determined at trial but at least

10 an amount equal to the cost of prospective corrective advertising.

11      6.    That the Court award Judgment against Defendants for the full costs of

12 this action, including the attorney's fees reasonably incurred by Plaintiffs.

13      7.    That the Court Order such other, further and different relief as the

14 nature of this action may require and as the Court may deem just and proper.

15      8.    That the Court retain jurisdiction of this action for the purpose of

16 enabling Plaintiffs, in their discretion, to apply to this Court at any time for such

17 further orders and directions as may be necessary or appropriate for the

18 interpretation or execution of any Order entered in this action, for the modification

19 of any such Order, for the enforcement of compliance therewith, and/or for the

20 punishment of any violation thereof.

21

22      Respectfully submitted,

23      MACHAT & ASSOCIATES, P.C.

24

25 Dated: May __4__, 2015      By: *Michael Machat*
                                    _____

26      Michael Machat, Esq.

      Attorneys for Plaintiff

27

28

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

14

1

2  **DEMAND FOR JURY TRIAL**

3
   Plaintiffs  hereby request a trial by jury on all issues raised by the Complaint.
4

5
                                    Respectfully submitted,
6
                                  MACHAT & ASSOCIATES, P.C.
7
                                    *Michael Machat*
8  Dated:  May __4__, 2015      By: _____
                                    Michael Machat, Esq.
9                                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 400
Beverly Hills, California 90210
Telephone: (310) 860-1833